CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 03 2008

JOHN F. CORCORAN, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDAL MANLEY,<br>Petitioner, | ) )<br>) | Civil Action No. 7:08-cv-00266 |
| v. | ) ) ) ) ) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>Respondent. | ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Randal Manley, a Virginia Department of Corrections inmate proceeding pro se, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed an answer and motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, and this matter is now ripe for disposition. Upon careful review of the state court records and the pleadings and exhibits submitted by the parties, I conclude that respondent's motion to dismiss must be granted.

I.

Manley is currently incarcerated at Dillwyn Correctional Center in Dillwyn, Virginia, pursuant to a final judgment of the Circuit Court of Botetourt County. On July 25, 2006, subsequent to a trial by jury, Manley was convicted of driving a motor vehicle after having been declared an habitual offender, while under the influence of alcohol, in violation of Va Code § 46.2-357(A), and driving while his license was revoked, in violation of Va. Code § 46.2-391(D).[1] The evidence presented at Manley's trial indicated that on June 17, 2005, at approximately 8:00 PM, Virginia State Police Trooper Matthew Newberry observed a black Chevrolet truck heading northbound on

---

[1] Manley was also charged with, after having been charged with a felony offense, willingly failing to appear before a court, in violation of Va. Code § 19-2128; however, the jury returned a verdict of "not guilty" as to that charge.

Interstate 81 in Botetourt County. Newberry testified that, even though there were no other vehicles nearby, the truck swerved into the median grass and then "came back up onto the paved highway to the right shoulder." (Trial Tr., July 25, 2006, at 49.) Newberry followed the truck and observed that the truck continued to erratically "weave" and swerve "from lane to lane." (Trial Tr., July 25, 2006, at 49-50.)

After several miles, Newberry initiated contact with the two occupants of the truck. The driver of the truck, Manley, identified himself by an incorrect name and birthdate and testified that he did not have an identification card. Newberry noted that Manley had an odor of alcohol about his person and that he had bloodshot and watery eyes. Newberry also observed a strong odor of alcohol coming from the truck and noted that the female passenger, Christina Richards, appeared to be under the influence of alcohol. When questioned, Richards indicated Manley's real name and date of birth. Manley failed to perform any field sobriety tests sufficiently and Newberry ultimately arrested him at the scene. Newberry transported Manley to the Botetourt County Jail in Fincastle and administered an Intoxalyzer 5000 test to measure Manley's blood alcohol content ("BAC"). The result of the test indicated that Manley's BAC was .10, above the legal limit of .08.

At trial, Manley stipulated to the fact that he was convicted of driving under the influence ("DUI") in 1990 and in 2000, and that his license was revoked pursuant to the second DUI conviction. The Commonwealth introduced evidence that Manley was also convicted of DUI on January 11, 2006, based on the evidence from the June 17, 2005 traffic stop and arrest. The Commonwealth also introduced a copy of a March 27, 1984 habitual offender order and Manley further stipulated that he knew he was an habitual offender at the time of his arrest on June 17, 2005. The Commonwealth finally introduced an order from the City of Martinsville, dated August 16,

1994, convicting Manley of driving after having been declared a habitual offender. At the conclusion of all of the evidence, the jury found Manley guilty of both charges.

On that same date, the court proceeded to the sentencing phase of the proceeding, during which the Commonwealth introduced Manley's Virginia Department of Motor Vehicles record and his criminal history. The jury fixed Manley's punishment at three years and nine months incarceration for the offense of driving after being declared an habitual offender and five years incarceration for the offense of driving while his license was revoked. On November 14, 2006, the court sentenced Manley to three years and nine months incarceration for the first offense and five years incarceration for the second offense, to run consecutive. Manley's appeal to the Court of Appeals of Virginia was denied by per curiam opinion entered June 6, 2007. His petition for rehearing before a three-judge panel was denied by order entered August 15, 2007. Manley's appeal to the Supreme Court of Virginia was refused by order entered January 8, 2008.

Manley filed a habeas corpus petition in the Supreme Court of Virginia on February 7, 2008, alleging ineffective assistance of trial and appellate counsel and "plain error." That petition is currently pending. On April 2, 2008, Manley filed the present § 2254 petition for writ of habeas corpus, alleging constitutional speedy trial violations and due process violations stemming from insufficiency of the evidence. The action was conditionally filed and Manley was informed by the court that if he elected to proceed with his current federal habeas petition, he would be precluded from bringing another federal habeas petition concerning the claims pending in his state habeas petition. Manley indicated by letter dated April 17, 2008, that he was "aware of the rules on successive writs and wishe[d] to go forward with his writ of habeas corpus."

3

## II.

Pursuant to Title 28 U.S.C. § 2254(b), a petitioner must exhaust his remedies available in state court before seeking habeas corpus relief in federal court. Manley's first claim, that his constitutional right to a speedy trial was violated, was not properly exhausted because he failed to present it to any Virginia state court. A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (noting that exhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court). Although Manley did argue on direct appeal that he was not tried within the time limits set forth in the Speedy Trial Statute, Va. Code § 19.2-243, he did not allege that his constitutional right to a speedy trial had been violated. Therefore, Manley's first claim was not properly presented to the state's highest court and is, thus, barred from federal habeas review.

Moreover, Manley's instant constitutional claim is procedurally defaulted because he would now be barred from raising it in any state court. See Va. Code § 8.01-654(B)(2) (prohibiting the granting of any habeas petition based on the allegation that the claims could have been presented by the petitioner at the time of his previous petition); see also Slayton v. Parrigan, 215 Va. 27 (1974) (noting that claims that are not raised at trial or on direct appeal are procedurally defaulted).

4

Consequently, Manley's claim of a constitutional speedy trial violation is now simultaneously exhausted and defaulted for the purpose of federal habeas review. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (If "it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded."). However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim or that he has suffered a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). Manley has not made either showing. Accordingly, this claim must be dismissed.[2]

### III.

Respondent admits that Manley properly exhausted his state court remedies as to his second claim that his constitutional right to due process was violated because there was insufficient evidence presented at his jury trial. Therefore, this court may address this claim under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.

---

[2] To the extent that Manley alleges a violation of the speedy trial statute, Va. Code § 19.2-243, rather than a constitutional violation, the court notes that a federal court may not issue a writ of habeas corpus to a prisoner in custody pursuant to the judgment of a state court unless the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Rule 1(a)(1), Rules Governing Section 2254 Cases in the United States District Courts. Thus, claims arising from state law are not cognizable grounds for habeas corpus relief under § 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law [as] it is not the province of a federal court to reexamine state-court determinations on state-law questions.") (internal citations and quotations omitted); see also Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976); Slavek v. Hinkle, 359 F. Supp. 2d 473, 495 (E.D. Va. 2005) (noting that petitioner's challenge to the Commonwealth's application of its own speedy trial act, a state law claim, is not reviewable on federal habeas review). Regardless, the record reflects that because a continuance was granted on the motion of the defense and the defense essentially acquiesced to another continuance, the statutory five month period within which to try Manley was tolled during that time, resulting in a period of less than five months. Accordingly, it appears that Manley's underlying claim lacks merit.

L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").[3] Section 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v. True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that

---

[3] The court notes that Manley never presented a due process violation claim, resulting from insufficiency of the evidence, to any Virginia court. Thus, an analysis similar to the first claim would likely be most appropriate as any due process claim is simultaneously exhausted and procedurally defaulted. However, because respondent appears to contend that the claim has been properly exhausted and because Manley presented the underlying insufficiency of the evidence claim in his state habeas petition, the court will address that claim, without a due process analysis, under the AEDPA.

6

Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). In determining whether the Court of Appeals of Virginia reasonably applied these principles, this court must determine whether the decision is minimally consistent with the record. Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000).

Manley contends that there was insufficient evidence presented at his jury trial. Specifically, Manley contends that the Court of Appeals of Virginia and the Supreme Court of Virginia erred in upholding the trial court's decision to deny his Motion to Strike when the Commonwealth did not

present any evidence that Manley's operator's license was revoked due to convictions subsequent to July 1, 1999, as required by Va. Code § 46.2-391(D).

The Court of Appeals of Virginia fully considered and denied this claim on direct appeal noting:

> Code § 46.2-391(A) provides, in pertinent part, that the DMV Commissioner
>> shall forthwith revoke . . . the driver's license of any person on receiving a record of the conviction of any person who *(i) is adjudged to be a second offender in violation of the provisions of* subsection A of § 46.2-341.24 (driving a commercial motor vehicle under the influence of drugs or intoxicants), or *§ 18.2-266 (driving under the influence of drugs or intoxicants), if the subsequent violation occurred within 10 years of the prior violation*, or (ii) is convicted of any two or more offenses of § 18.2-272 (driving while the driver's license has been forfeited for a conviction under § 18.2-266) if the second or subsequent violation occurred within 10 years of the prior offense.
>
> (Emphasis added.)
>
> Code § 46.2-391(D) provides for separate punishments depending on certain factors, for "[a]ny person convicted of driving a motor vehicle . . . (i) while his license is revoked pursuant to subsection A or B or (ii) in violation of the terms of a restricted license issued pursuant to subsection C shall, *provided such revocation was based on at least one conviction for an offense committed after July 1, 1999.*" (Emphasis added.)
>
> Appellant stipulated at trial, and appellant's DMV abstract of driver history admitted at trial proved, that he was convicted of DUI in 1990 and on June 8, 2000 and that his license was revoked on June 27, 2000 based on those two DUI convictions. Because appellant's license was revoked pursuant to Code § 46.2-391(A), and because the revocation was based on at least one DUI conviction that occurred after 1999, the trial court properly sentenced him pursuant to Code § 46.2-391(D).

Manley v. Commonwealth of Virginia, Record No. 3005-06-3 (Va. Ct. App. June 6, 2007.)

Based upon the record evidence, I find that a rational trier of fact could have found proof of

8

guilt beyond a reasonable doubt that Manley's operator's license was revoked due to convictions subsequent to July 1, 1999. The Court of Appeals of Virginia found that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Manley's operator's license had been revoked based on a DUI conviction that occurred after 1999. The defendant clearly stipulated that he was convicted of DUI in 1990 and in 2000 and that "because of that DUI second, he was revoked, the DMV revoked him." (Trial Tr., July 25, 2006, at 84.) Moreover, Manley's Department of Motor Vehicles record indicates that a revocation occurred on June 27, 2000, due to a June 6, 2000 conviction for driving while intoxicated. Thus, I find that Manley cannot demonstrate that the Court of Appeals of Virginia's rejection of this claim was contrary to clearly established principles, involved an objectively unreasonable application of federal law, or was based on an unreasonable determination of the facts. That court's ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Accordingly, this claim must also be dismissed.

## IV.

Based on the foregoing, I find that Manley is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 3rd day of July, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge